20641.00106 JRG (JG-2936 )

Stephen R. Campbell, Esq., Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice, P.O. Box 14271
Washington, D.C. 20044-4271
Attorneys for the defendant United States
(202) 616-4026

John R. Geraghty, Esq. (JG- 2936)
Trial Attorney
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
425 EAGLE ROCK AVENUE, SUITE 302
ROSELAND, NJ 07068
Of Counsel
(973) 618-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN CHAVEZ,<br><br>                    Plaintiff,<br><br>              v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                    Defendant. | Civil Action No.:  07 civ 7985 (GEL)<br><br><br><br>**ANSWER**<br><br>**ECF** |

       Defendant, answering the plaintiff's Complaint by its below listed attorneys, alleges upon information and belief as follows:

       1.       Denies as allegations of law the allegations contained in paragraphs 1 and 2 of the Complaint.

       2.       Admits that on July 23, 2006, plaintiff was a crew member aboard the USNS MARY SEARS and, except as admitted, denies the remaining allegations of paragraph 3 of the Complaint.

       3.       Denies the allegations contained in paragraph 4 and 5 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

4.  If the plaintiff sustained any injuries and/or illnesses as alleged in the Complaint, said injuries and/or illnesses were caused in whole or in part by plaintiff's own negligence and/or by the negligence of others for whom this defendant is not responsible, and were not caused or contributed to in any matter by any negligence of this defendant.

**SECOND AFFIRMATIVE DEFENSE**

5.  The Complaint fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

6.  Upon information and belief, the USNS MARY SEARS was not in this District when suit was filed and plaintiff does not reside in this District; accordingly, this action should be dismissed for improper venue.

**FOURTH AFFIRMATIVE DEFENSE**

7.  Upon information and belief, venue is improper in this action and this action should be transferred to the appropriate United States District Court.

**FIFTH AFFIRMATIVE DEFENSE**

8.  Plaintiff failed to mitigate his damages in that, among other things, he failed to make reasonable efforts to work.

**SIXTH AFFIRMATIVE DEFENSE**

9.  Plaintiff has received all maintenance to which he is entitled. All cure to which plaintiff is entitled has been paid without expense to him.

**SEVENTH AFFIRMATIVE DEFENSE**

10. Upon information and belief, plaintiff's action is barred by his failure to follow the requirements of 46 U.S.C. § 30101.

**EIGHTH AFFIRMATIVE DEFENSE**

11.  Defendant contends that if it has any liability to plaintiff, which is denied, such liability was incurred without the privity or knowledge of defendant, and the defendant is entitled to, and hereby claim, the benefit of the statutes of the United States regarding limitation of liability, 46 U.S.C. § 30501, et seq., and contends that its liability, if any, is limited to the value of its interest in, or the full value of the USNS MARY SEARS and the amount of pending freight, if any, as of the date of the incident, or the completion of the voyage the vessel was on at the time of the alleged incident.

**NINTH AFFIRMATIVE DEFENSE**

12.  This action should be dismissed for lack of subject matter jurisdiction.

**TENTH AFFIRMATIVE DEFENSE**

13.  Plaintiff's demand for a jury should be stricken.

**WHEREFORE**, defendant demands that plaintiff's Complaint be dismissed with reasonable attorneys' fees, costs and interest to defendant; in the alternative, if defendant is found liable to plaintiff, defendant's liability if any, should be limited to the value of its interest in, or the full value of the USNS MARY SEARS and the amount of pending freight, if any, as of the date of the incident, or the completion of the voyage the vessel was on at the time of the alleged incident; defendant further demands that the Court grant to the defendant such other further and different relief as the justice of the cause may require.

Dated: Roseland, New Jersey
       December 12, 2007

                                                  Stephen R. Campbell, Esq.
                                                Senior Trial Attorney
                                                Torts Branch, Civil Division
                                                U.S. Department of Justice
                                                P.O. Box 14271
                                                Washington, D.C. 20044-4271
                                                (202) 616-4026
                                                Attorneys for the United States

By:    /s/ John R. Geraghty       
     John R. Geraghty, Esq. (JG- 2936)
     Trial Attorney
     Marshall, Dennehey, Warner,
      Coleman & Goggin
     425 Eagle Rock Avenue
     Roseland, NJ 07068
     (973) 618-4100
     Of Counsel to the United States

**CERTIFICATION**

This is to certify that, on this 12th day of December, 2007, a copy of the foregoing Answer was served in accordance with the Federal Rules of Civil Procedure, and/or the Local Rules of the District of New Jersey, and/or the Southern District of New York's rules on Electronic Service upon the following parties and participants:

>Robert E. Ashkin, Local Counsel
>580 Broadway, Suite 1101
>New York, NY 10012
>Attorney for Plaintiff
>
>Dennis O'Bryan, Esq.
>O'Bryan Law Center, P.C.
>401 S. Old Woodward, Suite 450
>Birmingham, Michigan 48009
>Attorney for plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2007

>/s/ John R. Geraghty
>John R. Geraghty  (JG--2936)

11/644948.v1